**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**CHRISTOPHER W. PARKS**                                                       **PLAINTIFF**

**v.**                                        **Case No. 4:25-cv-00305-KGB**

**RICHARD MURPHY, Seargent,
Pulaski Co. Regional Detention Center**                                        **DEFENDANT**

**<u>ORDER</u>**

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Benecia B. Moore (Dkt. No. 44). Plaintiff Christopher W. Parks responded with objections to the Recommendation (Dkt. Nos. 45; 47). Parks also filed a motion for consideration asking the Court to consider his objections, even if the objections were late and filed after the deadline (Dkt. No. 46). Parks represents that he received the Recommendation signed February 10, 2026, on February 17, 2026, and he may require more time (*Id.*). On February 20, 2026, the Court received Parks's objections (Dkt. No. 47). Because the Court received Parks's objections before the deadline to object expired, the Court denies as moot Parks's motion for consideration (Dkt. No. 46). The Court considers Parks's objections (Dkt. Nos. 45; 47). After careful consideration of the Recommendation and the objections, and after a *de novo* review of the record, the Court adopts the Recommendation as this Court's findings of fact and conclusions of law in all respects (Dkt. No. 44).

The Court writes separately to address Parks's objections. In the Recommendation, Judge Moore explained that Parks failed to exhaust his administrative remedies at the Pulaski County Regional Detention Facility ("PCRDF") because he filed two separate grievances, neither one of which he appealed to the next level as required by the grievance procedure (Dkt. No. 44). Judge Moore also explained that the grievance procedure at the PCRDF, including the appeals process,

was available to Parks but that Parks failed to utilize fully and properly that procedure (*Id.*). Parks argues that two different officers witnessed and read his grievances, that only one of the officers said that there was a possibility to do something, but that neither officer did what the inmate grievance form said to do (Dkt. No. 45). Parks also argues that he received a response to grievance number 35452302 by Deputy Ignacio Madrigal (Dkt. No. 46). Parks questions why he would have to appeal after getting a response to his grievance (*Id.*).

Parks's objections do not break new ground. As explained, the PCRDF sets the grievance process that inmates must follow; that process, including the process to appeal a grievance, was available to Parks; yet Parks did not comply and follow that process for either of his grievances (Dkt. No. 44, at 9). Moreover, while Parks may have experienced some confusion about the grievance process, Parks's ignorance about the grievance process does not excuse his failure to comply with the process by filing an appeal (*Id.*, at 7 (citing *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000); *Plaisance v. Cain*, 374 F. App'x 560, 561 (5th Cir. 2010) (finding prisoner's alleged ignorance of the second step of the grievance procedure did not relieve him of his obligation to comply with that procedure); *Simmons v. Stus*, 401 F. App'x 380, 382 (10th Cir. 2010) ("even accepting plaintiff's allegation that he was unaware of the grievance procedures, there is no authority for waiving or excusing compliance with PLRA's exhaustion requirement.")). Parks does not provide any explanation, beyond those addressed in the Recommendation, for why he did not exhaust his administrative remedies. For these reasons, the Court overrules Parks's objections.

The Court grants defendants' motion for summary judgment (Dkt. No. 18). The Court dismisses without prejudice Parks's excessive force claim against Sgt. Murphy for failure to exhaust administrative remedies.

2

It is so ordered this 19th day of March, 2026.

_____
Kristine G. Baker
Chief United States District Judge